IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MITCHELL SHAKA SENEGAL MUHAMMAD,

    Plaintiff,

  vs.

D.K. SISTO,

    Defendant.

No. CIV S-07-1352-LKK-CMK-P

ORDER

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on July 10, 2007.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
2 This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,
3 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
4 if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
5 which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
6 allege with at least some degree of particularity overt acts by specific defendants which support
7 the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
8 impossible for the court to conduct the screening required by law when the allegations are vague
9 and conclusory.

## I. BACKGROUND

Plaintiff names as defendants in his complaint Warden D.K. Sisto, the Secretary of Corrections, the Federal Bureau of Prisons, Robert McFadden, and Amnesty International. Plaintiff's complaint states the following:

> Plaintiff has repeatly [sic] been subjected to offensive conditions, which are degrading, unhealthy and unsafe.  Plaintiff has been subjected to reprisals and retaliation for filing complaints.  Plaintiff has a right to humane treatment.  Plaintiff wrote Federal Burea[u] of Prisons as to human rights violations [see exhibit A]. Defendant[s] refuse to apply any or provide a remedy for human rights violations.

(Complaint at 3.)

This is the entire substantive body of his complaint.  Plaintiff then attaches numerous exhibits and supporting documents.

## II. DISCUSSION

Plaintiff's complaint suffers from at least three defects.  First, plaintiff fails to link alleged constitutional violations to any named defendant.  Second, plaintiff has not adequately alleged the liability of defendant Sisto, who is a supervisory defendant.  Third, plaintiff has not

stated any supporting facts for his alleged constitutional violations.  Because more detailed allegations could cure these defects, the court will grant plaintiff leave to amend.  Plaintiff should keep the following legal principles in mind when drafting his amended complaint.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

/ / /

/ / /

1        Under these principles, prison officials have a duty to take reasonable steps to
2 protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.
3 1982); Farmer, 511 U.S. at 833.  To demonstrate that a prison official was deliberately indifferent
4 to a safety risk, the prisoner must establish that the official knew of the risk but disregarded it.
5 See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the
6 knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials
7 are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See
8 Farmer, 511 U.S. at 844.

9        Supervisory personnel are generally not liable under § 1983 for the actions of their
10 employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no
11 respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional
12 violations of subordinates if the supervisor participated in or directed the violations, or had actual
13 knowledge of the violations and failed to act to prevent them.  See id.   When a defendant holds
14 a supervisory position, the causal link between him and the claimed constitutional violation must
15 be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
16 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the
17 involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v.
18 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19        Plaintiff's complaint fails to state any facts to support any claim.  He appears to be
20 attempting to state an Eighth Amendment claim, but does not provide any supporting facts as to
21 how he has been subjected to offensive, unsafe conditions, or what those offensive, unsafe
22 conditions are.  In addition, plaintiff fails to allege which defendants have violated his civil rights
23 and in what manner.  Plaintiff appears to be complaining about prison conditions, yet fails to
24 name any defendant, except warden Sisto (who is considered a supervisor for the above
25 discussion), who could be responsible for the conditions.  As to defendant Sisto, plaintiff fails to
26 state how the warden was personally responsible for violating his civil rights.  Finally, plaintiff

names Amnesty International, Robert McFadden as Regional Director of the Federal Bureau of Prisons, and the Federal Bureau of Prisons directly as defendants. However, plaintiff is not under the control of these named individuals, he has failed to state how they are responsible for prison conditions, and how they have violated his civil rights. As to all defendants, with the possible exception of defendant Sisto, it does not appear that the deficiencies can be cured by amendment.

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to

/ / /

1  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
2  41(b).  See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).
3          Accordingly, IT IS HEREBY ORDERED that:
4          1.    Plaintiff's complaint, filed on July 19, 2007, is dismissed with leave to
5  amend; and
6          2.    Plaintiff shall file a first amended complaint within 30 days of the date of
7  service of this order.

DATED: November 29, 2007

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE