IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL SHAKA SENEGAL MUHAMMAD,<br><br>    Plaintiff,<br><br>  vs.<br><br>D.K. SISTO,<br><br>    Defendant.<br>                                / | No. CIV S-07-1352-LKK-CMK-P<br><br><br>ORDER |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 16), filed on December 28, 2007.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names as defendants in his amended complaint the Secretary of Corrections and Warden D.K. Sisto.  Plaintiff's original complaint was dismissed for failure to link any named defendant with the alleged constitutional violations, failure to allege liability of Warden Sisto as a supervisory defendant, and failure to allege any supporting facts.  Plaintiff was allowed to amend his complaint, which is now before the court.  In his amended complaint, which consists of two pages plus several pages of exhibits, it appears that plaintiff is attempting to state a claim for a violation of his right to free exercise of his religion, equal protection violations, and the conditions of his confinement.

## II. DISCUSSION

The court previously advised plaintiff what was required when he filed his amended complaint.  The court explained to plaintiff the need to allege an actual connection or link between the actions of the named defendants and the alleged constitutional violations.  He was also advised what was required to successfully name supervisory personnel, as well as the requirement for him to alleged specific facts in his amended complaint.  Plaintiff has failed to

heed this advice, and his amended complaint again fails to state a claim.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. To demonstrate that a prison official was deliberately indifferent to a safety risk, the prisoner must establish that the official knew of the risk but disregarded it.

1  See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the
2  knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials
3  are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See
4  Farmer, 511 U.S. at 844.

5  Supervisory personnel are generally not liable under § 1983 for the actions of their
6  employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no
7  respondeat superior liability under § 1983). A supervisor is only liable for the constitutional
8  violations of subordinates if the supervisor participated in or directed the violations, or had actual
9  knowledge of the violations and failed to act to prevent them. See id. When a defendant holds
10 a supervisory position, the causal link between him and the claimed constitutional violation must
11 be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
12 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the
13 involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v.
14 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15 The United States Supreme Court has held that prisoners retain their First
16 Amendment rights, including the right to free exercise of religion. See O'Lone v. Estate of
17 Shabazz, 482 U.S. 342, 348 (1987). Thus, for example, prisoners have a right to be provided
18 with food sufficient to sustain them in good health and which satisfies the dietary laws of their
19 religion. See McElyea v. Babbit, 833 F.2d 196, 198 (9th Cir. 1987). Prison officials are also
20 required to provide prisoners facilities where they can worship and the opportunity for clergy or
21 spiritual leaders to visit the prison. See Glittlemacker v. Prasse, 428 F.2d 1, 4 (3rd Cir. 1970).
22 Officials are not required to supply clergy at state expense. See id.

23 However, the court has also recognized that limitations on a prisoner's free
24 exercise rights arise from both the fact of incarceration and valid penological objectives. See id.
25 at 197. For instance, the penological interest in a simplified food service has been held sufficient
26 to allow a prison to provide orthodox Jewish inmates with a pork-free diet instead of a

completely kosher diet.  See Ward v. Walsh, 1 F.3d 873, 877-79 (9th Cir. 1993).  Similarly, prison officials have a legitimate penological interest in getting inmates to their work and educational assignments.  See Mayweathers v. Newland, 258 F.3d 930, 38 (9th Cir. 2001) (analyzing Muslim inmates' challenge to prison work rule).

        Prison regulations alleged to infringe on the religious exercise right must be evaluated under the "reasonableness" test set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987).  See O'Lone, 382 U.S. at 349; Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) (recognizing that the United States Supreme Court's decision in City of Boerne v. P.F. Flores, 521 U.S. 507 (1997), invalidated the Religious Freedom Restoration Act and restored the "reasonableness test" as the applicable standard in free exercise challenges brought by prison inmates).

        In determining the reasonableness of a challenged restriction on First Amendment rights, the court considers four factors.  First, there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it, and the governmental objective must itself be a legitimate and neutral one.  A second consideration is whether alternative means of exercising the right on which the regulation impinges remain open to prison inmates.  A third consideration is the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources.  The absence of ready alternatives is evidence of the reasonableness of a prison regulation.  See Allen v. Toombs, 827 F.2d 563, 567 (9th Cir. 1987) (citing Turner, 482 U.S. at 89-91).

        To prevail, the prisoner must establish that the defendants substantially burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith.  See Freeman, 125 F.3d at 732, 736.  To show a substantial burden, the prisoner must demonstrate that prison officials' conduct ". . . burdens the adherent's practice of his or her religion by pressuring him or her to commit an act forbidden by the religion or by preventing him or her from engaging in conduct or having a religious experience which the faith mandates."  Graham v.

1  Commissioner, 822 F.2d 844, 850-51 (9th Cir. 1987).  The burden must be more than a mere
2  inconvenience.  See id. at 851.
3        Equal protection claims arise when a charge is made that similarly situated
4  individuals are treated differently without a rational relationship to a legitimate state purpose.
5  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from
6  invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).
7  Racial segregation is unconstitutional within prisons save for the necessities of prison security
8  and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also
9  protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio,
10 125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial
11 and religious discrimination.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir.
12 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the
13 disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal.
14 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals
15 where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger,
16 2007 WL 732555 (E.D. Cal. March 19, 2008).
17       In order to state a § 1983 claim based on a violation of the Equal Protection
18 Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with
19 intentional discrimination against plaintiff, or against a class of inmates which included plaintiff,
20 and that such conduct did not relate to a legitimate penological purpose.  See Village of
21 Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be
22 brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir.
23 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v.
24 Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010
25 (9th Cir. 1985).
26 / / /

1  Plaintiff's amended complaint again fails to state any facts to support any of his
2  claims.  He appears to be attempting to state a claim under the First and Eighth Amendment, but
3  does not provide any supporting facts as to how he has been subjected to offensive, unsafe
4  conditions, or what those offensive, unsafe conditions are, how his right to the free practice of his
5  religion has been obstructed, how his right to equal protection has been violated and/or what
6  inhumane treatment he has been subjected to.  In addition, plaintiff again fails to specify which
7  defendants have violated his civil rights and in what manner.  Plaintiff appears to be complaining
8  about prison conditions and obstruction of his religious practice, yet he fails to name any
9  defendant, except warden Sisto (who is considered a supervisor for the above discussion), who
10  could be responsible for these violation.  As to defendant Sisto, plaintiff again fails to state how
11  the warden was personally responsible for violating his civil rights.

### III.  CONCLUSION

13  Because it is possible that the deficiencies identified in this order may be cured by
14  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
15  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Therefore,
16  plaintiff will have one more opportunity to correct the deficiencies in his complaint.  Plaintiff is
17  informed that, as a general rule, an amended complaint supersedes the original complaint.  See
18  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
19  amend, all claims alleged in the original complaint which are not alleged in the amended
20  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
21  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
22  plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must
23  be complete in itself without reference to any prior pleading.  See id.
24  If plaintiff chooses to amend the complaint again, plaintiff must demonstrate how
25  the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.
26  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms

how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff must set forth in his complaint exactly what has happened to him, who is responsible, and exactly what each individual did.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint, filed on December 28, 2007, is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: April 21, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE