1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  MITCHELL SHAKA                         No. CIV S-07-1352-LKK-CMK-P
    SENEGAL MUHAMMAD,
12
            Plaintiff,
13
        vs.                                FINDINGS AND RECOMMENDATIONS
14
    D.K. SISTO,
15
            Defendant.
16
                                    /
17
            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant
18
    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint (Doc.
19
    18).
20
            The court is required to screen complaints brought by prisoners seeking relief
21
    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.
22
    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or
23
    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
24
    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,
25
    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain
26

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names as defendants in his second amended complaint three correctional officers, Long, Saucero and Coridso. This is the first time any of these three individuals have been named as defendants. Plaintiff's two previous complaints named the Secretary of Corrections and Warden D.K. Sisto. Plaintiff's original complaint was dismissed for failure to link any named defendant with the alleged constitutional violations, failure to allege liability of Warden Sisto as a supervisory defendant, and failure to allege any supporting facts. Plaintiff's first amended complaint was dismissed for the same reasons. Plaintiff was provided a second chance to amend his complaint, which is now before the court. Plaintiff's second amended complaint, which consists of four pages plus several pages of exhibits, suffers the same defects as his previous two complaints. He fails to allege any supporting facts, he fails to link any of the defendants to specific acts of wrongdoing, and his claims remain unclear.

## II. DISCUSSION

The court previously advised plaintiff what was required to cure the defects identified in his complaints. The court outlined the law relating to plaintiff's potential claims, including cruel and unusual punishment, equal protection, and the free exercise of religion. The court also explained to plaintiff the needed to allege an actual connection or link between the

1  actions of the named defendants and the alleged constitutional violations.  He was also advised
2  what was required to successfully name supervisory personnel, as well as the requirement for him
3  to alleged specific facts in his amended complaint.  The previous order stated:

> Plaintiff's amended complaint again fails to state any facts to support any of his claims.  He appears to be attempting to state a claim under the First and Eighth Amendment, but does not provide any supporting facts as to how he has been subjected to offensive, unsafe conditions, or what those offensive, unsafe conditions are, how his right to the free practice of his religion has been obstructed, how his right to equal protection has been violated and/or what inhumane treatment he has been subjected to.  In addition, plaintiff again fails to specify which defendants have violated his civil rights and in what manner.  Plaintiff appears to be complaining about prison conditions and obstruction of his religious practice, yet he fails to name any defendant, except warden Sisto (who is considered a supervisor for the above discussion), who could be responsible for these violation.  As to defendant Sisto, plaintiff again fails to state how the warden was personally responsible for violating his civil rights.

Plaintiff has failed to heed this advice, and his second amended complaint suffers from the same defects as his two previous complaints.  It thus appears that plaintiff is either unable or unwilling to amend the complaint to state a cognizable claim.  Therefore, the court will recommend dismissal of the entire action without leave to amend.  In other words, because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's second amended complaint be dismissed without leave to amend, but without prejudice, for failure to state a claim, that judgment be entered and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations."  Failure to file objections within the specified time may waive
2  the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3
4   DATED: October 6, 2008
5
                                                        _____
6                                                       **CRAIG M. KELLISON**
                                                        UNITED STATES MAGISTRATE JUDGE
7
8
...
26